**FILED**
**U.S. District Court**
**District of Kansas**
05/13/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

      **Plaintiffs,**

      v.                                    CASE NO. 26-3103-JWL

ANGIE DAVIS, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is currently in custody at the Jess Dunn Correctional Center in Taft, Oklahoma. The Court granted Plaintiff leave to proceed in forma pauperis. On April 29, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why this matter should not be dismissed as barred by the statute of limitations. This matter is before the Court on Plaintiff's response to the MOSC, titled "Motion to Stay" (Doc. 5).

Plaintiff alleges that Nurse Angie Davis denied Plaintiff mental health medication "several times" while he was housed at the Seward County Jail in Liberal, Kansas ("SCJ"). (Doc. 1, at 1–2, 5.) Plaintiff claims that he was denied medication twice before writing a medical grievance against Defendant. *Id*. at 2. Plaintiff claims negligence, medical malpractice, and an Eighth Amendment violation. *Id*. at 5–6. Plaintiff states that he filed a motion attempting to join Case No. 24-3095, and is now filing a pro se suit against the Defendants. *Id*. at 3. Plaintiff names as defendants Angie Davis, SCJ Nurse, and (fnu)(lnu) Unnamed Employer of Angie Davis. Plaintiff seeks $5,000,000 in damages. *Id*. at 4, 9.

Plaintiff states in his Complaint that he attempted to join his claims in Case No. 24-3095. In his motion to join that case, Plaintiff states that Angie Davis denied him mental health medications at the Seward County Jail in 2023. *See Scott v. Ward*, Case No. 24-3095-JWB-GEB, Doc. 14 (D. Kan. Aug. 26, 2024). Plaintiff's motion to join was denied on September 5, 2024. *Id.* at Doc. 15.

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on April 28, 2026. Plaintiff's alleged violations occurred in 2023. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). The Court found that Plaintiff did not allege facts suggesting that he would be entitled to statutory or equitable tolling, and ordered Plaintiff to show good cause why his claims should not be dismissed as barred by the statute of limitations.

In response to the MOSC, Plaintiff has filed a "Motion to Stay" (Doc. 5). Plaintiff does not dispute the fact that his claims accrued in 2023. Instead, he argues that he should be entitled to equitable tolling based on his "mental health issues from a suicide attempt by being ran over by a train in 2013." (Doc. 5, at 5.) Plaintiff claims that he suffers from Bipolar 1, PTSD, manic depression, anxiety, and limited social functioning. *Id.* Plaintiff also claims that he mistakenly believed that the statute of limitations did not begin to run until after he attempted to join Case No. 24-3095. *Id.* at 2. Plaintiff claims that he was transient and continued to take mental health medication after he was released from the Kansas Department of Corrections. *Id.* Plaintiff states

that he has been incarcerated by the Oklahoma Department of Corrections since July 4, 2025. *Id.*

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Plaintiff does not allege that he was unaware of the facts supporting his causes of action when they occurred in 2023.

Plaintiff argues that he should be entitled to equitable tolling. Kansas recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an affirmative inducement to plaintiff to delay bringing the action." *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)). The Kansas Court of Appeals has suggested in unpublished decisions that the two-year statute of limitations period can be equitably tolled if a plaintiff "has been pursuing his or her rights diligently and some 'extraordinary circumstance stood in [the] way and prevented timely filing.'" *Caballero v. Wyandotte Cty. Sheriff's Dep't*, 789 F. App'x 684, 686 (10th Cir.

3

2019) (unpublished) (citing *McClain v. Roberts*, —— Kan.App. ——, 304 P.3d 364, 2013 WL 3970215, at *3 (Kan. Ct. App. Aug. 2, 2013) (unpublished) (alteration in *McClain*) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391, 133 S. Ct. 1924, 185 L.Ed.2d 1019 (2013)); *see also Harris v. Neill*, —— Kan.App. ——, 216 P.3d 191, 2009 WL 3082642, at *6 (Kan. Ct. App. Sept. 25, 2009) (unpublished)).

The record fails to support a claim that Defendants affirmatively induced Plaintiff into delaying his filing of this suit.  Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this § 1983 action or that despite pursuing his rights diligently, some "extraordinary circumstances" prevented the timely filing.  *Dartez v. Peters*, Case No. 15-3255-EFM-DJW, 2018 WL 1138282, at *6 (D. Kan. March 2, 2018) (citation omitted).

Plaintiff claims that he is proceeding pro se and mistakenly believed that the statute of limitations did not begin to run until after he attempted to join Case No. 24-3095.  Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances.  "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing."  *Caballero*, 789 F. App'x at 687 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see also McClain*, 2013 WL 3970215, at *3 ("[I]gnorance of the law doesn't entitle a person to equitable tolling of the limitations period.")).  Plaintiff does not demonstrate any extraordinary circumstance that would entitle him to equitable tolling of the limitation period.

Plaintiff also argues that he is entitled to equitable tolling based upon his mental health issues.  Kansas statutes set forth tolling for persons under legal disability.  K.S.A. § 60-515(a) provides that:

> (a) *Effect.* Except as provided in K.S.A. 60-523, if any person
> entitled to bring an action, other than for the recovery of real

property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.

K.S.A. 60-515(a).

Plaintiff does not allege that he was denied court access nor provide factual support for his claim that the statute of limitations should be tolled based on his mental health issues. *See Eden v. Webb*, 2022 WL 621317, at *2 (D. Kan. 2022) ("The problem with Plaintiff's tolling argument is that his allegations do not demonstrate that he was legally incapacitated."). The Court in *Eden* found that the Kansas Legislature has provided that in construing Kansas statutes:

'Incapacitated person' means an individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in K.S.A. 2002 Supp. 59–3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person.

*Id*. (citing K.S.A. § 77-201)[1]. The Court went on to find that:

Plaintiff offers no evidence that he was impaired to the degree that he could not manage his own affairs or was not capable of meeting his essential needs. Plaintiff claims he suffered memory loss and a brain injury. These allegations are insufficient to establish that Plaintiff was incompetent at any time following his injury, let alone that he was incompetent for the approximately two years between his arrest and his viewing of the body camera footage. *See Farhat v.*

---

[1] It appears that parts of this statute were amended by 2025 Kansas Laws Ch. 40 (H.B. 2359). It appears that the only change to the cited language is the substitution of "section 25" for K.S.A. 59-3051 in the cited paragraph.

5

> *Bd. of Cty. Comm'rs of Stephens Cty.*, No. CIV-06-468-R, 2008 WL 441684, at \*4 (W.D. Okla. Feb. 14, 2008) (finding plaintiff's allegations of short-term memory loss and brain injury were insufficient to establish incompetence such that statute of limitations should be tolled). *See also Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (the plaintiff has the burden of establishing a factual basis for tolling the statute of limitations); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

*Id*. at \*3 (finding that "[b]ecause statutory tolling under K.S.A. 60-515(a) is inapplicable to Plaintiff, he does not benefit from the tolling provided by the Kansas Supreme Court").

Plaintiff has not shown that his mental health issues warrant tolling.  Plaintiff bears the burden of establishing a factual basis for tolling.  Plaintiff was able to file the motion to join Case No. 24-3095 on August 26, 2024.  *See Scott v. Ward*, Case No. 24-3095-JWB-GEB, Doc. 14 (D. Kan.).   The motion was denied on September 5, 2024.  *Id*. at Doc. 15.  Plaintiff filed a motion for leave to file his inmate banking transaction history on October 18, 2024.  *Id*. at Doc. 22.  Plaintiff also filed three other cases in this Court in 2023 and 2024, and filed multiple pleadings in each case.[2]  Plaintiff has not shown that he is entitled to equitable tolling.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Fogle*, 435 F.3d at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at \*2 (D. Kan. Aug. 12, 2009).

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.[3]

---

[2] *See Tahchawwickah v. Brennon*, Case No. 23-3238-EFM-ADM (D. Kan. filed Oct. 30, 2023); *Tahchawwickah v. Seward Cnty. Jail*, Case No. 24-3017-JWL (D. Kan. filed Feb. 2, 2024); *Tahchawwickah v. Fenn*, Case No. 24-3145-JWL (D. Kan. filed Aug. 19, 2024).  It also appears that Plaintiff filed a petition for writ of habeas corpus in the Western District of Oklahoma in 2022.  *See Tahchawwickah v. Crow*, Case No. 22-00585-SLP (W.D. Okla. Filed July 13, 2022).

[3] A dismissal as time-barred is for failure to state a claim and is a strike.  *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (Doc. 5) is **denied.**

**IT IS SO ORDERED**.

**Dated May 13, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**